**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000152
31-OCT-2012
01:18 PM**

NOS. CAAP-10-0000152 & CAAP-10-0000156

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NO. CAAP-10-0000152
IONATANA K. IESE, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1SD10-1-00014)

and

NO. CAAP-10-0000156
IONATANA K. IESE, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1SD10-1-00015)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Petitioner-Appellant Ionatana K. Iese (Iese) appeals
from the Findings of Fact, Conclusions of Law and Order Denying
HRPP Rule 40 Petitions to Vacate, Set Aside, or Correct Judgment
(Order Denying Petitions), in Civil No. 1SD10-1-14 and Civil
No. 1SD10-1-15, filed on October 12, 2010 in the District Court
of the First Circuit, Honolulu Division (district court).[1]

---

[1]  The Honorable William A. Cardwell presided.

Iese's two petitions, pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40, address his convictions in two criminal cases. In case No. 1DTA-06-04109, Iese pled no contest and was convicted of Operating a Vehicle under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) & (a)(3) (Supp. 2011). Judgment in Case No. 1DTA-06-04109 was entered on July 11, 2006.

In case No. 1DTA-06-04489, Iese pled no contest and was convicted of OVUII, in violation of HRS § 291E-61(a)(1) & (a)(4) (Supp. 2011). Judgment in case No. 1DTA-06-04489 was entered on October 11, 2006.

On August 9, 2010, approximately four years after the judgments in case No. 1DTA-06-04109 and case No. 1DTA-06-04489 were entered, Iese filed the two Petitions to Vacate or Set Aside Conviction and to Correct Judgment (Petitions), pursuant to HRPP Rule 40, challenging his convictions in case No. 1DTA-06-04109 and case No. 1DTA-06-04489. Citing to State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), Iese claimed that the oral charges in these cases were deficient for failing to allege that the offense occurred "upon a public way, street, road or highway." Iese claimed that the district court lacked jurisdiction in the criminal proceedings because the charges were deficient.

On appeal, Iese raises the following points of error: (1) the district court abused its discretion by not considering and/or applying non-mutual offensive issue preclusion; (2) the district court erred in holding that the criminal charges did not result in a lack of subject matter jurisdiction; and (3) the district court erred in holding that the State's failure to allege a material element of the offense did not result in a fatally defective charge under the Motta/Wells analysis.

2

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Iese's points of error as follows:

(1) The district court did not issue any findings of fact and conclusions of law relating to Iese's claim that non-mutual offensive issue preclusion should apply. HRPP Rule 40(g)(3) ("The court shall state its findings of fact and conclusions of law in entering its judgment on the petition."). However, it was harmless error because even assuming arguendo that the doctrine of non-mutual offensive issue preclusion may apply in criminal cases, the requirements for that doctrine are not satisfied. Domingo v. State, 76 Hawai'i 237, 243, 873 P.2d 775, 781 (1994) (applying harmless error analysis to trial court's failure to state appropriate findings of fact and conclusions of law in a judgment on a Rule 40 petition).

In order for non-mutual offensive issue preclusion to apply, the four-part test set forth in Dorrance v. Lee, 90 Hawai'i 143, 149, 976 P.2d 904, 910 (1999) must be satisfied, among other things. Exotics Hawaii-Kona, Inc. v. E.I. Dupont De Nemours & Co., 104 Hawai'i 358, 373, 90 P.3d 250, 265 (2004). The four requirements under Dorrance are:

> (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom [issue preclusion] is asserted was a party or in privity with a party to the prior adjudication[.]

90 Hawai'i at 149, 976 P.2d at 910.

Iese contends that non-mutual offensive issue preclusion applies because in other OVUII cases before the district court, where a motion to dismiss for lack of subject matter jurisdiction had been filed, charges had been dismissed because they failed to allege that the offenses had occurred on a public way, street, road, or highway. However, the issue decided

3

in the other cases was not identical to the one presented to the district court in addressing Iese's HRPP Rule 40 Petitions. Here, Iese had already pleaded no contest to the charges in both of the underlying criminal cases and had *not* objected to the charges at any time during the pendency of those cases. In the prior district court cases that Iese relies upon, the defendant had objected to the charge prior to conviction and the cases were dismissed.

Moreover, in the prior district court cases that Iese relies upon, there was not a "final judgment on the merits," which is also required under Dorrance.

Thus, the lack of findings of fact and conclusions of law by the district court regarding Iese's claim that non-mutual offensive issue preclusion applied was harmless.

(2) Iese argues that because the OVUII charges in both of his criminal cases failed to allege that the offenses occurred on a public way, street, road, or highway, they were fatally deficient thereby depriving the district court of jurisdiction. Iese relies on State v. Cummings, 101 Hawai'i 139, 63 P.3d 1109 (2003). However, in Wheeler, the Hawai'i Supreme Court stated:

> this court has applied different principles depending on whether or not an objection was timely raised in the trial court. Under the "*Motta/Wells* post-conviction liberal construction rule," we liberally construe charges challenged for the first time on appeal. *See Merino*, 81 Hawai'i at 212, 915 P.2d at 686; *Wells*, 78 Hawai'i at 381, 894 P.2d at 78; *Elliott*, 77 Hawai'i at 311, 884 P.2d at 374; *State v. Motta*, 66 Haw. 89, 90, 657 P.2d 1019, 1019-20 (1983). Under this approach, there is a "presumption of validity," *Sprattling*, 99 Hawai'i at 318, 55 P.3d at 282, for charges challenged subsequent to a conviction. In those circumstances, this court will "not reverse a conviction based upon a defective indictment [or complaint] unless the defendant can show prejudice or that the indictment [or complaint] cannot within reason be construed to charge a crime." *Merino*, 81 Hawai'i at 212, 915 P.2d at 686 (citation omitted).

121 Hawai'i at 399-400, 219 P.3d at 1186-87 (emphasis added). Here, Iese's first objection to the charges was raised in his HRPP Rule 40 Petitions, which were filed approximately four years after his no contest pleas and convictions in the underlying

criminal cases. Given the Hawai'i Supreme Court's opinion in Wheeler noting the importance as to whether a defendant timely raises an objection to the charge, the rationale for the Motta/Wells rule is equally applicable to the instant circumstances. The district court thus properly applied the Motta/Wells analysis.

(3) Under the Motta/Wells analysis, as set forth in Wheeler, Iese must show prejudice or that the charge cannot within reason be construed to charge a crime. 121 Hawai'i at 399-400, 219 P.3d at 1186-87. Iese's arguments seeking to construe the Motta/Wells analysis in a different fashion are at odds with the opinion in Wheeler as to the applicable analysis when there is an untimely challenge to a charge.

Moreover, all information Iese possessed up to the district court's ruling on his challenge to the charge may be reviewed to determine if he was adequately informed of the charges against him. See State v. Hitchcock, 123 Hawai'i 369, 379, 235 P.3d 365, 375 (2010).

In his Rule 40 Petitions and in his arguments on appeal, Iese did not attempt to show that he was prejudiced by the charges and thus he has waived any challenge on this basis. Moreover, the record establishes that Iese cannot show that he was prejudiced or that the charge cannot within reason be construed to charge a crime. Based on the stipulation of the parties, the district court made the following findings of facts which are thus unchallenged on appeal:

> The following findings of fact numbered 1 through 4 were stipulated by the parties:
>
> 1. Prior to November 17, 2009, Petitioner, who was represented by counsel, was orally charged or charged by way of written complaint and pled no contest or guilty to one or more charges of operating a vehicle under the influence of an intoxicant (DUI) in violation of Section 291E-61, Hawaii Revised Statutes (HRS).

5

2.  The oral or written charge did not include an allegation that Petitioner committed the offense on a public way, street, road or highway.

3.  Petitioner did not contest or otherwise challenge the charge as defective at the time of arraignment and plea or any other time until the filing of the instant petition filed pursuant to Rule 40, HRPP.

4.  After Petitioner was arraigned, he completed the standard change of plea form affirming that he had been advised of and understood the nature and elements of the charges.

(Emphasis added.)  By admitting that he was advised and understood the nature and elements of the charges, Iese cannot claim that he was not provided notice of all of the essential elements of the OVUII charges or that the charges cannot within reason be construed to charge a crime.

THEREFORE,

IT IS HEREBY ORDERED THAT the Findings of Fact, Conclusions of Law and Order Denying HRPP Rule 40 Petitions to Vacate, Set Aside, or Correct Judgment, filed on October 12, 2010 in the District Court of the First Circuit, Honolulu Division, in Civil No. 1SD10-1-14 and Civil No. 1SD10-1-15, is affirmed.

DATED:  Honolulu, Hawai'i, October 31, 2012.

On the briefs:

Paul J. Cunney
Victor J. Bakke
Marcus B. Sierra
Dean C. M. Hoe
Dan J. Kawamoto
for Petitioner-Appellant

Presiding Judge

Associate Judge

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Associate Judge

6